UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ULISES CORRALES VEGA,

    Petitioner,               Case No. 19-cv-10554
                                    HONORABLE LINDA V. PARKER
                                    UNITED STATES DISTRICT JUDGE
v.

CONNIE HORTON,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN**

Ulises Corrales Vega ("Petitioner") presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for one count of second-degree murder and one count of carrying a dangerous weapon with unlawful intent out of the Circuit Court for Ingham County, Michigan. In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be transferred to that district.

**I. DISCUSSION**

28 U.S.C. 28 U.S.C. § 2241 (d) states:

1

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) thus allows a state prisoner who seeks relief from a state court conviction to file a petition for writ of habeas corpus either in the federal district where he or she was convicted or in the district where he or she is confined, provided, of course, that both judicial districts are located within the same State. *See Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004).

Petitioner was convicted in Ingham County, Michigan and is presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000). Petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district; the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. *See Carmona v.*

*Andrews,* 357 F. 3d 535, 537-39 (5th Cir. 2004); *see also Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, * 1 (E.D. Mich. April 23, 2007) (citing *Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y. 1975) ("because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district.") ). Therefore, the case is transferred to the Western District of Michigan, pursuant to § 2241(d), because Petitioner's conviction was imposed in a state court that is not located in the Eastern District of Michigan and Petitioner is not presently in custody in this district. *See Manes,* Slip. Op. at * 1.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

s/Linda V. Parker  
LINDA V. PARKER  
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 6, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury  
Case Manager